UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS B. FIELDS,<br>CDCR No. V-46240,<br><br>                              Plaintiff,<br><br>vs.<br><br><br>ALBERT BOURLA, Pfizer CEO; JOHN OR JANE DOES, Scientist, Chemist, Physicist<br><br>                              Defendants. | Case No.: 3:22-CV-01656 JLS (MSB)<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**<br><br>(ECF No. 2) |

Presently before the Court is Plaintiff Marcus B. Fields's Complaint ("Compl.," ECF No. 2). Having carefully considered Plaintiff's Complaint and the appliable law, the Court **DISMISSES WITH PREJUDICE** Plaintiff's Complaint for the reasons that follow.

## BACKGROUND

Marcus B. Fields ("Plaintiff"), currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD"), is proceeding pro se and *in forma pauperis* ("IFP") in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initially filed this action in the Southern District of New York on September 16, 2022. *See* Compl. Chief United States

District Judge Laura Taylor Swain granted Plaintiff's Motion to Proceed IFP but later transferred the matter to this Court on October 19, 2022. *See* ECF Nos. 4, 9.

Plaintiff claims that he was administered a "harmful tainted Pfizer Covid-19 vaccine" on March 4, 2021. Compl. at 5. Plaintiff's allegations are not entirely clear, but he appears to claim that the vaccine caused damage to his heart. *Id.* Plaintiff names the Chief Executive Officer ("CEO") for Pfizer and unnamed "scientist, chemist, and physicist" as Defendants. *Id.* at 1. Plaintiff seeks damages in the amount of $365,000,000 in damages. *Id.* at 7.

## SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

**I.   Standard of Review**

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). Under this statute, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under Section 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

## II.   42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035–36 (9th Cir. 2015).

As stated above, liability under § 1983 is limited to individuals "acting under the color of state law." *See West*, 487 U.S. at 48. Plaintiff does not allege that these corporate Defendants are state actors. "[P]rivate parties are not generally acting under color of state law," and the Court must engage in a "fact bound" analysis to decide if "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the state." *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) (quotation omitted). Here, there are no plausible allegations linking the Defendants to any state action.

Although there are several approaches to determining whether a private actor's actions are attributable to the state, most are clearly inapplicable to the conduct alleged by Plaintiff. Plaintiff does not allege any facts that might give rise to the inference that Defendants entered into "an agreement or 'meeting of the minds' to violate [Plaintiff's] constitutional rights." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th Cir. 1989). Nor does Plaintiff contend that there is such "substantial coordination and integration" between Defendants and an unnamed state actor that they have a "symbiotic relationship." *See Brunette v. Humane Soc'y of Ventura Cnty.*, 294 F.3d 1205, 1213 (9th Cir. 2002). Plaintiff also does not allege that Defendants are engaged in functions that have been "'traditionally the exclusive prerogative of the state.'" *Id.* at 1214 (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982)).

Accordingly, Plaintiff's claim against Defendants must be dismissed *sua sponte* and in its entirety for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

Even if the Plaintiff could identify individuals who allegedly violated his constitutional rights while acting under color of state law, Plaintiff's claims are also subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2) because they are duplicative of claims he raised previously in another civil action he filed in this Court which is currently pending, *Fields v. Newsom, et al.*, S.D. Cal. Civil Case No. 22-cv-0044-LL-MDD ("*Fields I*"). A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007), quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002).

In *Fields I*, Plaintiff alleged that while he was housed at RJD he received a Pfizer Covid-19 vaccine that was "tainted" and caused him "hurt, pain, and irreversible side effects." (*Fields I*, ECF No. 12, First Amended Complaint ("FAC") at 4.) This matter is currently pending before the Ninth Circuit Court of Appeals. *See id.*, ECF No. 23.

"A prisoner's claims are considered frivolous under 28 U.S.C. § 1915A(b)(1) if they "merely repeat[] pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). Because Plaintiff is currently litigating the same claims presented in this action as he is in S.D. Cal. Civil Case No. 22-cv-0044-LL-MDD, the Court must dismiss this case without leave to amend as frivolous. *See Cato*, 70 F.3d at 1105 n.2; *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

/ / /

/ / /

/ / /

### III. Leave to Amend

The Court finds that granting leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

## CONCLUSION

For the reasons discussed, the Court:

1)   **DISMISSES** this civil action without leave to amend for failure to state a claim upon which § 1983 relief can be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

2)   **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and

3)   **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: November 18, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge